CASE 28—FORFEITED BOND—APRIL 15.

# Wilson v. Commonwealth.

APPEAL FROM DAVIESS CIRCUIT COURT.

1. BAIL BOND—AUTHORITY OF CLERKS TO TAKE.—The Criminal Code
   confers upon clerks of circuit courts the power to take bail bonds
   after the expiration of the term of the circuit court during which
   the amount of the bail was fixed by the court; and this authority
   continues to and during subsequent terms of the court.
2. PLEADING—RIGHT TO AMEND.—In an action on a bail bond, where
   a demurrer was sustained to the defendant's answer, and he did
   not ask the court to permit him to amend the same, and offered
   no amendment containing a good defense, the court properly
   rendered judgment against him.

LITTLE & LITTLE FQR APPELLANT.

(No brief in record.)

WM. J. HENDRICK FQR APPELLEE.

1. After the adjournment of the term of court at which the bail was
   fixed by the court, the clerk of the court had the right during a
   subsequent called term of the court to accept the bond.
2. There is no pretense that any amendment was offered or suggested
   or any time asked in which to present one, and the court properly
   rendered judgment.

JUDGE PAYNTER DELIVERED THE OPINION OF THE COURT.

This proceeding is to recover of the appellant, Wilson,
$300 on a bail bond which was forfeited.

The record, as corrected, shows that the court made an
order allowing Wm. Wilson to give bond in the sum of $300
for his appearance in the Daviess Circuit Court to answer
an indictment charging him with horse-stealing. The clerk
of the court accepted the bond with appellant as surety in

the sum of $300.   Counsel for appellant is in error in as-
suming the order of the court allowed the clerk to accept
a bond only for $250.   On a return of the indictment the
court fixed the bail at $250.   Subsequently the accused
appeared in court.   The Commonwealth's attorney entered
a motion that the bail be fixed at $500.   On consideration
of that motion the court fixed it at $300.

Section 68, Criminal Code, is as follows: "The defendant,
after commitment, and before the commencement of the
next term of the court having jurisdiction to try the offense,
may be admitted to bail in the sum fixed by the committing
magistrate, by such committing magistrate or by the judge
of the county court; but after the commencement of the
term of the court can only be admitted to bail by the court
or judge thereof.   After the term, if the amount of the
bail has been fixed, the bail may be taken by the clerk of the
court in which the defendant is held to appear."

The bond in question was not taken after the commence-
ment of the term and during its continuance, but the court
fixed the bail.   This was done at the August term, 1894.
After the term, the amount of bail being fixed, the bond
was taken by the clerk of the court.   It appears that this
was done during the following November term of the court.
After the term of the circuit court wherein the bail has been
fixed the Criminal Code confers authority upon the clerk
of the circuit court to take the bail.   We think this author-
ity continues to and during subsequent terms of the court.
The Code provides that the committing magistrate or the
judge of the county court shall admit the defendant to bail
before the commencement of the next term of the court having
jurisdiction to try the offense.   Then it provides that after
the commencement of such term of the court the court or

judge thereof can only admit the defendant to bail. If bail be fixed and not given during that term then "after the term" the clerk can take the bail, and the language does not place any limitation as to the time in which the clerk is authorized to take the bond for the amount fixed by the court.

While the court allows the order fixing bail to remain the clerk can take the bond.

Section 94, Criminal Code, provides that upon the forfeiture of a bail bond the court shall order summons to be issued against the bail, and that "no pleading shall be required on the part of the Commonwealth, but the summons shall be served, and all subsequent proceedings shall be the same as in an ordinary civil action."

The appellant filed an answer, to which the Commonwealth demurred. The court sustained the demurrer, and, as appears from the record, thereupon rendered judgment on the bail bond for the amount thereof. The record does not show the court granted or refused leave to amend, neither does it show that the appellant asked leave to amend or offered an amendment.

Section 94, Civil Code, provides: "If the court sustain the demurrer the party may amend the pleading with leave of court."

It does not require the court to offer the party to whose pleading the demurrer was sustained leave to amend. On the contrary the language implies that the party shall ask the court for such privilege. Not having asked for leave to amend, nor having offered an amendment containing a good defense, certainly the appellant can not complain because the court rendered judgment against him.

Wherefore, the judgment is affirmed.